883 So.2d 1155 (2004)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Albert G. GIBSON, Jr.
No. 2004-JP-00442-SCT.
Supreme Court of Mississippi.
September 16, 2004.
*1156 Luther T. Brantley, III, attorney for appellant.
Pro se, attorney for appellee.
EN BANC.
WALLER, Presiding Justice, for the Court.
¶ 1. The Mississippi Commission on Judicial Performance has recommended that Municipal Court Judge Albert G. Gibson, Jr. of Derma, Mississippi be publicly reprimanded and assessed costs of the proceedings against him for dismissing, without notice or hearing, a fine imposed by another municipal court judge in his jurisdiction. We adopt the recommendation of the Commission and Judge Gibson to the extent that they propose public reprimand as well as assessing costs of these proceedings ($100). We further impose a fine against Judge Gibson of $330.00, the amount lost by the City of Derma in fines and court costs as a result of his actions.

FACTS
¶ 2. In August of 1994, Floyd Yates was charged with driving while his license was suspended. Yates failed to appear in court, and Derma Municipal Court Judge Jimmy Vance continued the case until September. Yates again failed to appear in September, and Judge Vance found him guilty and fined him $200 plus $22.50 in court costs.
¶ 3. In June of 1997, Judge Vance cited Yates for contempt of court for failure to pay the fine and imposed an additional fine of $107.50. In April of 1998, a ten-day notice of failure to pay was sent to Yates, and the next month the Derma Municipal Court suspended Yates' drivers license. In February of 2003, Derma Municipal Court Judge Albert G. Gibson, Jr. set aside the judgments by Judge Vance without any notice or hearing.

ANALYSIS

Standard of Review
¶ 4. We conduct de novo review of judicial misconduct proceedings, giving great deference to the findings, based on clear and convincing evidence, of the recommendations of the Mississippi Commission on Judicial Performance. Miss. Comm'n on Judicial Performance v. Gunn, 614 So.2d 387, 389 (Miss.1993). While we do give great deference to the Commission's findings, we are also charged to render an independent judgment. Miss. Comm'n on Judicial Performance v. Peyton, 645 So.2d 954, 956 (Miss.1994). We are the trier of fact and *1157 have the sole power to impose sanctions in judicial misconduct cases. Id.

Whether Judge Gibson Acted Inappropriately
¶ 5. The Commission found that Judge Gibson's conduct violated Section 177A of the Mississippi Constitution of 1890 as amended, in that he engaged in "willful misconduct in office" and "conduct prejudicial to the administration of justice which brings the judicial office into disrepute[.]" Miss. Const. art. 6, § 177A (b) & (e). In regard to what actions constitute willful misconduct in the judicial office, we have held:
Willful misconduct in office is the improper or wrongful use of power of his office by a judge acting intentionally, or with gross unconcern for his conduct and generally in bad faith. . . . A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith. . . . Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute.
In re Quick, 553 So.2d 522, 524-25 (Miss. 1989).
¶ 6. Judge Gibson has agreed to the Commission's recommendation and has joined the Commission's motion for approval of its recommendations. Accordingly, the judge's decision acknowledges that his actions constituted willful misconduct prejudicial to the administration of justice which brought the judicial office into disrepute, and we need not make any further findings on this issue.

Appropriate Punishment for Judge Gibson
¶ 7. We have publicly reprimanded, assessed the costs of the proceeding, and fined a judge for acting outside of the scope of her authority when she suspended the sentence of a former client and placed an inmate on probation after his conviction and sentence had been affirmed by the court of appeals. Miss. Comm'n on Judicial Performance v. Sanders, 708 So.2d 866, 877-78 (Miss.1998); see also Miss. Comm'n on Judicial Performance v. Russell, 691 So.2d 929 (Miss.1997). In Sanders, we found that public reprimand and a fine of $1500 were the appropriate punishment for a judge who acted without authority in usurping the judgments of other state courts. Sanders, 708 So.2d at 877-78. In determining whether or what fine to impose, the Sanders Court relied entirely upon the recommendation of the Commission. Id. at 877. However, in determining the propriety of whether to impose a public reprimand, the Sanders Court used the Baker test which considers mitigating factors, along with evidence from the case, that weigh in favor of confidential, private action. Id.[1]
¶ 8. In Mississippi Commission on Judicial Performance v. Bishop, 761 So.2d 195, 198 (Miss.2000), we named Baker's seven-factor test and inaccurately held those factors were to be used "when determining appropriate judicial sanctions." In fact, as noted above, the purpose of Baker's test is to determine "whether a reprimand *1158 should be public . . . [rather than a] confidential, private action." Miss. Judicial Performance Comm'n v. Walker, 565 So.2d 1117, 1125 (Miss.1990) (emphasis added), citing In re Baker, 535 So.2d 47 (Miss. 1988). However, our mistaken description of the test highlights the need for a generally applicable test to provide greater uniformity in regard to the punishments given in judicial misconduct proceedings.
¶ 9. Today, in line with the spirit of Bishop, we modify Baker to apply generally to the determination of all sanctions in judicial misconduct proceedings (rather than merely applying to the question of public reprimand) and examine the appropriateness of such sanctions based on the following factors: (1) The length and character of the judge's public service; (2) Whether there is any prior case law on point; (3) The magnitude of the offense and the harm suffered; (4) Whether the misconduct is an isolated incident or evidences a pattern of conduct; (5) Whether moral turpitude was involved;[2] and (6) The presence or absence of mitigating or aggravating circumstances.
¶ 10. First, there is no evidence on the record of the length or character of Judge Gibson's public service. Second, as noted above, in Sanders we found that judicial usurpation of the authority of other state courts deserved public reprimand and a fine of $1500. However, we note that Sanders is different in that Judge Sanders was cited for two violations while Judge Gibson's conduct occurred only once. In cases where judges have dismissed fines or tickets, we have previously held that the appropriate punishment for such conduct is payment of the amount of fines inappropriately dismissed. See Miss. Comm'n on Judicial Performance v. Boykin, 763 So.2d 872 (Miss.2000). In this case, the amount of lost fines and court costs to the City of Derma was $330.00. Third, the nature of the conduct was a gross abuse of Judge Gibson's power to act in his official capacity as a municipal court judge. Fourth, the record does not show any other incidents that demonstrate that this type of behavior evidences a pattern of conduct by Judge Gibson. Fifth, there was no moral turpitude involved in the offense. Finally, aggravating circumstances are present in that, along with dismissing a ticket, Judge Gibson dismissed another judge's order and did so without notice or hearing. Mitigating circumstances are also present in light of the fact that Judge Gibson has publicly acknowledged the inappropriateness of his conduct and agrees with the findings of the Commission.

CONCLUSION
¶ 11. Judge Gibson's actions constituted willful misconduct prejudicial to the administration of justice which brought the judicial office into disrepute. Accordingly, we adopt the recommendation of the Commission and Judge Gibson to the extent that they have proposed public reprimand and the cost of these proceedings ($100). The public reprimand shall be administered in the Calhoun County Circuit Court by the presiding circuit court judge, in open court Swith Judge Gibson present on the first day of the next court term after this decision becomes final. We also fine Judge Gibson $330.00, the amount lost by the City of Derma in fines and court costs as a result of his actions, and further add that such deplorable conduct which brings the Mississippi judiciary into disrepute will not be *1159 tolerated as it is an affront to the dignity of all courts.
¶ 12. CITY OF DERMA MUNICIPAL COURT JUDGE ALBERT G. GIBSON, JR. SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE OF THE CALHOUN COUNTY CIRCUIT COURT ON THE FIRST DAY OF THE NEXT TERM OF THAT COURT AFTER THIS DECISION BECOMES FINAL, SHALL PAY THE COSTS OF THIS PROCEEDING OF $100.00 AND SHALL PAY TO THE CITY OF DERMA A FINE OF $330.00.
SMITH, C.J., COBB, P.J., CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ AND EASLEY, JJ., NOT PARTICIPATING.
NOTES
[1] Those factors are: (1) The length and character of the judge's public service; (2) Positive contributions made by the judge to the courts and the community; (3) The lack of prior judicial precedent on the incident in issue; (4) Commitment to fairness and innovative procedural form on the part of the judge; (5) The magnitude of the offense; (6) The number of persons affected; and (7) Whether moral turpitude was involved. Miss. Judicial Performance Comm'n v. Walker, 565 So.2d 1117, 1125 (Miss.1990), citing In re Baker, 535 So.2d 47, 54 (Miss. 1988).
[2] Moral turpitude includes, but is not limited to, actions which involve interference with the administration of justice, misrepresentation, fraud, deceit, bribery, extortion, or other such actions which bring the judiciary into disrepute.