922 So.2d 781 (2006)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
JUSTICE COURT JUDGE T.T.
No. 2005-JP-01660-SCT.
Supreme Court of Mississippi.
March 2, 2006.
*782 Luther T. Brantley, III, Darlene D. Ballard, attorneys for petitioner.
James W. Nobles, Jr., Jackson, Joseph P. Durr, Hazlehurst, attorneys for respondent.
EN BANC.
SMITH, Chief Justice, for the Court.
¶ 1. On October 20, 2004, the Mississippi Commission on Judicial Performance (Commission) filed a formal complaint charging, Justice Court Judge T.T., Lincoln County, Mississippi with judicial misconduct in violation of Section 177A of the Mississippi Constitution. The allegation of misconduct arose out of Judge T.T.'s sentencing of an individual during a case involving the unlawful headlighting of deer. Following a hearing, the Commission presented its findings of fact and conclusions of law. In its findings, the Commission determined that Judge T.T. was in violation of Canons 1, 2(A), and 3(B)(2) of the Code of Judicial Conduct.
¶ 2. The Commission now recommends to this Court that Judge T.T. be publicly reprimanded; assessed the costs of this proceeding; become familiar with this Court's opinion in In re Bailey, 541 So.2d 1036 (Miss.1989); and be required to set aside and correct the improper sentence. We agree with the Commission's recommendations that Judge T.T. set aside and correct the improper sentence, be assessed the costs of this proceeding, and become familiar with In re Bailey. However, rather than imposing a public reprimand as the Commissions suggests, we find a private reprimand is appropriate in this case.

FACTS AND PROCEDURAL HISTORY
¶ 3. In April 2004, a minor appeared before Judge T.T. on a charge of unlawful headlighting of deer, in violation of Miss. *783 Code Ann. Section 49-7-95. The minor defendant agreed to a plea bargain offered by the Lincoln County Prosecuting Attorney. The plea agreement consisted of a fine of $1,500 and a suspension of all hunting privileges for six months from the date of the agreement. In accordance with the county prosecutor's recommendation, Judge T.T. accepted the plea agreement and sentenced the defendant according to the terms of the agreement.
¶ 4. Subsequently, the Commission filed a complaint against Judge T.T. charging judicial misconduct. The Commission informed Judge T.T. that headlighting is a Class I violation and called Judge T.T.' s attention to Miss.Code Ann. Section 49-7-141, which requires Class I violations be punishable by a fine of "not less than Two Thousand Dollars ($2,000.00)," "imprison[ment] in the county jail for five (5) days," and "the person shall forfeit all hunting . . . privileges for a period of not less than twelve (12) consecutive months from the date of conviction."
¶ 5. After the Commission filed its complaint against Judge T.T., the county prosecutor realized the plea agreement he recommended was in violation of the statute. The county prosecutor took responsibility for the misunderstanding and subsequently submitted a $500 personal check to Lincoln County for the difference between the fine actually assessed ($1,500) and the fine required ($2,000) by the statute.
¶ 6. On May 27, 2005, a Commission tribunal consisting of Circuit Court Judge Lee L. Howard, Justice Court Judge John Shirley, and Ms. Margarett Barnes heard the complaint in this matter. Approximately one month after the hearing, the Commission released its findings of fact, conclusions of law and recommendation.
¶ 7. The Commission determined Judge T.T. did not act with malice or improper motives. The Commission propounded that ignorance of the law does not exonerate Judge T.T.'s actions, but it may be considered as a mitigating circumstance. Further, the Commission concluded Judge T.T. violated Canons 1, 2(A), and 3(B)(2) of the Code of Judicial Conduct. The Commission recommended Judge T.T. receive a public reprimand; be assessed the costs of Commission hearing in the amount of $598.98; become familiar with the requirements in In re Bailey, 541 So.2d 1036 (Miss.1989); and be required to take appropriate action to set aside and correct the improper sentence.

STANDARD OF REVIEW
¶ 8. "This Court conducts a de novo review of judicial misconduct proceedings, giving great deference to the findings, based on clear and convincing evidence, of the Mississippi Judicial Performance Commission." Mississippi Comm'n on Judicial Performance v. Vess, 692 So.2d 80, 83 (Miss.1997) (citing Mississippi Comm'n on Judicial Performance v. Gunn, 614 So.2d 387, 389 (Miss.1993)). "Even though the Commission's findings are considered, this Court is not bound by the findings and additional sanctions may be imposed." Mississippi Comm'n on Judicial Performance v. Warren, 791 So.2d 194, 196-97 (Miss.2001) (citing Mississippi Comm'n on Judicial Performance v. Whitten, 687 So.2d 744, 746 (Miss.1997)). Further, this Court "may accept, reject, or modify, in whole or in part, the findings and recommendation of the Commission."[1]

DISCUSSION

I. WHETHER JUDGE T.T.'S CONDUCT CONSTITUTES WILLFUL *784 MISCONDUCT IN OFFICE THAT WAS PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE, WHICH BRINGS THE JUDICIAL OFFICE INTO DISREPUTE, IN VIOLATION OF SECTION 177A OF THE MISSISSIPPI CONSTITUTION OF 1890, AS AMENDED.
¶ 9. The Commission argues Judge T.T. committed willful judicial misconduct when the judge accepted a plea agreement that did not comply with mandatory sentencing as the statute required. Conversely, Judge T.T. argues the conduct at issue was neither willful, intentional, nor in bad faith or gross disconcern or indifference for judicial duties.
¶ 10. Regarding the definition of willful misconduct, this Court has previously held:
Willful misconduct in office is the improper or wrongful use of power of his office by a judge acting intentionally or with gross unconcern for his conduct and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith . . .
Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. In re Anderson, 412 So.2d 743, 745 (Miss. 1982) (quoting In re Nowell, 293 N.C. 235, 237 S.E.2d 246, 255 (1977) (emphasis in original)); see also In re Garner, 466 So.2d 884, 885 (Miss.1985); In re Stewart, 490 So.2d 882, 884 (Miss.1986); In re Collins, 524 So.2d 553 (Miss.1987). Moreover, this Court can generally recognize examples of such conduct when presented before the Court. Anderson, 412 So.2d at 752 (Hawkins, J., specially concurring).
Mississippi Comm'n on Judicial Performance v. Franklin, 704 So.2d 89, 92 (Miss. 1997).
¶ 11. In the matter at hand, Judge T.T. relied on the county prosecutor's knowledge of the statutes encompassing headlighting violations, and did not review those statutes before the plea agreement was accepted. Judge T.T. contends that the judicial actions resulted in an innocent and honest mistake. Further, Judge T.T. maintains that acceptance of the plea agreement was the result of an error in judgment due to a lack of diligence on the part of the court, thus the conduct does not rise to the level of willful misconduct.
¶ 12. The Commission insists Judge T.T.'s mistake should not be ignored because of incompetence or negligence. To support its contention that Judge T.T.'s mistake was in itself judicial misconduct, the Commission cites this Court's opinion in In re Garner, 466 So.2d 884, 887 (Miss. 1985), which held:
Official integrity of our Justice Court Judges is vitally important, for it is on that level many citizens have their only experience with the judiciary. We may not tolerate misconduct or misfeasance on any ground, particularly not on grounds of ignorance or incompetence.
¶ 13. In this case, the record plainly establishes Judge T.T. was in error *785 when the plea agreement which was in violation of the applicable statute was accepted. Thus, it can hardly be argued that Judge T.T. was not somewhat negligent and ignorant of governing statutes. In In re Bailey, this court decreed:
When a person assumes the office of Justice Court Judge in this state, he or she accepts the responsibility of becoming learned in the law. When such a person takes the oath of office, he or she yields the prerogative of executing the responsibilities of the office on any basis other than the fair and impartial and competent application of the law to facts. The preservation of the rule of law as our last best hope for the just ordering of our society requires nothing less than an insistence by this Court that our justice court judges be in fact what they are in name: judges.
541 So.2d 1036, 1039 (Miss.1989) (emphasis in original). It is apparent that Judge T.T. was not familiar with pertinent statutes when the plea agreement was accepted. Judge T.T. did not read the applicable statutes and relied exclusively and blindly on the county prosecutor's advice in accepting the agreement. All judges inevitably make some mistakes during the course and scope of their duties. However, Judge T.T.'s failure to read and be familiar with the applicable statutes in a matter before the court is an inexcusable mistake. Judges are required to research, read, know and apply the pertinent statutes and case law. Judges should never rely solely on attorneys to inform them of the appropriate law to be applied in each case under consideration.
¶ 14. "In order to maintain an independent judiciary, mere errors of law or simple abuses of judicial discretion should not amount to judicial misconduct." In re Quirk, 705 So.2d 172, 178 (La.1997) (citing Harrod v. Illinois Courts Commission, 69 Ill.2d 445, 14 Ill.Dec. 248, 372 N.E.2d 53, 65 (1977)). "Imposing discipline upon a judge for an incorrect legal ruling is an extremely sensitive issue because it comes closer than any other ground of discipline to threatening judicial independence." 2 Geo. J. Legal Ethics 1, 8 (Summer, 1988). However, after diligent research and review of several sources throughout American case law, a number of states subscribe to the notion that three situations may elevate legal error to a violation of cannon standards: (1) egregious legal error, (2) legal error motivated by bad faith, (3) and a continuing pattern of legal error. See In re Quirk, 705 So.2d at 178; 2 Geo. J. Legal Ethics at 8-9.
¶ 15. Judge T.T.'s conduct was due to simple ignorance and failing to be familiar with the appropriate statutes regarding the minor offense of headlighting. The actions of the court were not due to intentional, malicious, or gross misconduct. Therefore, Judge T.T. is not guilty of egregious legal error, nor of bad faith. Nevertheless, the neglect should be labeled misconduct because of the continuing pattern of legal error, see infra. Thus, Judge T.T. should be sanctioned in accordance with misconduct; however, the sanction should fit the offense. Id.

II. WHETHER JUDGE T.T. SHOULD RECEIVE A PUBLIC REPRIMAND, BE ASSESSED COSTS OF THIS PROCEEDING IN THE AMOUNT OF $598.98, AND/OR BECOME FAMILIAR WITH THE REQUIREMENTS OF IN RE BAILEY?
¶ 16. In Mississippi Comm'n on Judicial Performance v. Gibson, 883 So.2d 1155, 1158 (Miss.2004), this Court modified the Baker test, which determines whether a public or private reprimand is the appropriate action. Gibson stated:

*786 [W]e modify Baker to apply generally to the determination of all sanctions in judicial misconduct proceedings (rather than merely applying to the question of public reprimand) and examine the appropriateness of such sanctions based on the following factors: (1) The length and character of the judge's public service; (2) Whether there is any prior case law on point; (3) The magnitude of the offense and the harm suffered; (4) Whether the misconduct is an isolated incident or evidences a pattern of conduct; (5) Whether moral turpitude was involved; and (6) The presence or absence of mitigating or aggravating circumstances.
Id.
¶ 17. We now apply the Baker factors to the case at bar:
(1) Length and character of public service  Testimony offered at the Commission hearing demonstrated that Judge T.T. had held the position of justice court judge for approximately five and half years.
(2) Case law on point  While the Commission cited several instances where a public reprimand was issued for a judge who failed to abide by mandatory statutes there is no authority directly on point with this matter.[2]
(3) Magnitude of the offense and the harm suffered  The full statutory fine of $2,000 was not satisfied until after the county prosecutor presented his personal check to the county. However, there is evidence in the record that had the minor defendant been transferred to youth court the maximum fine that could have been levied there would have been $500.[3] Judge T.T.'s mistake could have resulted in a monetary benefit to the county. Thus, the offense that occurred was not overwhelmingly critical, and did not result in an unconscionable result to any party in this matter.
(4) Pattern of misconduct  The Commission brings to this Court's attention two previous complaints that have been filed against Judge T.T. for judicial misconduct. In the first complaint Judge T.T. agreed to be privately reprimanded by the Commission itself. The second complaint was dismissed by this Court. However, we find a pattern of legal errors is beginning to emerge.
(5) Moral turpitude  Judge T.T. merely made a mistake of not remaining informed of the applicable law, therefore moral turpitude is not involved in this matter.[4]
(6) Mitigating circumstances  The county prosecutor is an attorney, while Judge T.T. is not. Thus, when Judge T.T. was presented with the plea agreement, the court completely and blindly relied *787 on the county prosecutor's judgment as a seasoned prosecutor. This was a mistake. Nevertheless, this Court considers the county prosecutor's recommendation a mitigating circumstance. Furthermore, Judge T.T. admitted that accepting the plea agreement was erroneous and a mistake. Judge T.T. recognized the misconduct and accepted that error was the result. Therefore, because Judge T.T. accepted responsibility for the actions, we find sanctions in this matter should be further mitigated.

CONCLUSION
¶ 18. In conclusion, we find Judge T.T. was in error when the plea agreement was blindly accepted in violation of statutory law. Moreover, because this is just the latest violation in a emerging pattern of legal errors, Judge T.T. is guilty of judicial misconduct. However, we do not entirely agree with the Commission's recommended sanctions, specifically a public reprimand. First, we find Judge T.T. must set aside and correct the original sentence to conform with the mandatory statutory punishments for Class I violations pursuant to Miss.Code Ann. Sections 49-7-95 and 49-7-141. Second, Judge T.T. is assessed the costs of Commission's hearing in the amount of $598.98. Next, Judge T.T. shall become familiar with the requirements in In re Bailey, 541 So.2d 1036 (Miss.1989). Finally, in accordance with the factors set forth in Gibson, we find a private reprimand is appropriate for the misconduct in this instance.
¶ 19. JUSTICE COURT JUDGE T.T. SHALL BE PRIVATELY REPRIMANDED; SHALL SET ASIDE AND CORRECT ORIGINAL SENTENCE; SHALL BE ASSESSED THE COMMISSION'S COSTS OF $598.98; AND SHALL BECOME FAMILIAR WITH IN RE BAILEY.
WALLER, P.J., EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. COBB, P.J., CONCURS IN PART AND IN RESULT. DIAZ, J., NOT PARTICIPATING.
NOTES
[1] See Rule 10(E) of the Rules of the Mississippi Commission on Judicial Performance.
[2] See Mississippi Commission on Judicial Performance v. Lewis, 830 So.2d 1138 (Miss. 2002); Mississippi Commission on Judicial Performance v. Neal, 774 So.2d 414 (Miss. 2000); Mississippi Commission on Judicial Performance v. Jones, 735 So.2d 385 (Miss. 1999); Mississippi Commission on Judicial Performance v. Fletcher, 686 So.2d 1075 (Miss.1996).
[3] Miss.Code Ann. Section 43-21-159(1) (Rev. 2004) allows that the youth court on its own motion may remove a hunting violation committed by a child within the jurisdiction of the youth court. Here, the seventeen year-old defendant was within the jurisdiction of youth court pursuant to Miss.Code Ann. 43-21-151(2). Therefore, this case could have been heard by youth court had it been transferred there. The power to transfer this case to youth court was permissive and not mandatory.
[4] "Moral turpitude includes, but is not limited to, actions which involve interference with the administration of justice, misrepresentation, fraud, deceit, bribery, extortion, or other such actions which bring the judiciary into disrepute." Gibson, 883 So.2d at 1158 n. 2.