CHANDLER, Justice,
concurring in part and dissenting in part:
¶ 32. I agree with the majority’s findings regarding Judge Littlejohn’s actions. However, I disagree with the majority’s severe departure from the Commission’s recommended sanction. While we must ultimately render an independent judgment pursuant to our sole power to impose sanctions in judicial misconduct cases, we should, and often do, give great deference to the Commission’s findings and recommendations, particularly given that a committee of the Commission conducts the evidentiary hearing with the opportunity to observe the witnesses. Miss. Comm’n on Judicial Performance v. Sanford, 941 So.2d 209, 212 (Miss.2006); Miss. Comm’n on Judicial Performance v. Gibson, 883 So.2d 1155, 1156 (Miss.2004); Miss. Comm’n on Judicial Performance v. Carr, 990 So.2d 763, 765-66 (Miss.2008) (“[wjhile it is true that this Court is the trier of fact in judicial misconduct proceedings and may impose additional sanctions, it nonetheless gives great weight to the findings of the Commission which has the opportunity to observe the demeanor of the witnesses.”)
¶ 33. This is a circumstance in which I would defer to the Commission’s careful evaluation of what sanctions are appropriate to impose on a longstanding public servant like Judge Littlejohn. I object to the imposition of a thirty-day suspension from office; I would adopt the Commission’s recommendation of a fine and a public reprimand. I therefore concur in part and dissent in part.
PIERCE, J., JOINS THIS OPINION. KITCHENS, J., JOINS THIS OPINION IN PART.