WALLER, Chief Justice,
for the Court:
¶ 1. On August 26, 2015, the Mississippi Commission on Judicial Performance found that former Municipal Court Judge Latisha Nicole Clinkscales had engaged in judicial misconduct constituting willful rriis-conduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute, in violation of Section 177A of the Mississippi Constitution. The Commission has entered a recommendation that Clinkscales be publicly reprimanded and assessed costs of the proceeding, and the Commission and Clinkscales have filed a joint motion requesting this Court to approve the Commission’s recommendation. We find that Clinkscales engaged in judicial misconduct- and conduct prejudicial to the administration of justice, and we impose a public .reprimand- and assess Clinkscales the costs of the proceeding.
FACTS & PROCEDURAL HISTORY
¶2. Latisha Nicole Clinkscales served as Municipal Court Judge for the City of Columbus from 2010 until her resignation on June 23, 2015. While serving as a Municipal Court Judge, she also served as the Columbus Drug Court Judge until her resignation on February 6, 2014, following a meeting with the Administrative Office of .Courts concerning irregularities in her operation of the Drug Court program,
¶3. On June 9, 2014, the Commission filed a Formal Complaint alleging that Clinkscales had engaged in judicial misconduct and conduct prejudicial to the administration of justice. Clinkscales filed her. answer to the complaint on July 17, 2014, in which she either denied the Commission’s allegations or claimed she was without sufficient information to ascertain the veracity of the allegations. On August 11, 2016, the parties filed an Agreed Statement of Facts and Proposed Recommendation.
¶4. The misconduct to which Clinks-eales admitted involves'four separate.areas: her statements on social media, her operation of the Columbus Drug Court program, her statements in a newspaper interview, and her conduct in the courtroom. Each area of misconduct is detailed below. .
Statements on Social Media
¶ 5. Clinkscales admitted that, while serving as Municipal Court Judge for the City of Columbus and 'Judge for the Columbus Drug Court, she made the following statement on social media: “Cast your vote in the Senate District 16 Special Election. I will be voting for Angela Turner *1000 Lairy! ... Let’s not lose this' seat!” Clinkscales ■ admitted that this statement violated Canon 5(A)(1) of the Code of Judicial Conduct, which generally prohibits judges from publically endorsing political candidates.[1]
Operation of Columbus Drug Court
¶ 6. While serving as a drug court judge, Clinkscales ordered some individuals to enter the drug court program who had not volunteered. During Clinkscales’s tenure as a drug court judge, some drug court participants remained in the program longer than the law allowed. Additionally, Clinkscales ordered her nephew to enter the drug court program, in violation of constitutional and statutory law. See Miss. Const, art. 6, § 165 (1890) (“No judge of any court shall preside on the trial of any cause, where the parties or either of them, shall be connected with him by affinity or consanguinity[.]”); accord Miss.Code Ann. § 9-1-11 (Rev.2014).
Statements in Newspaper Interview
¶7. On June 23, 2009, prior to her tenure as a judge, Clinkscales was arrested and charged with failing to obey a police officer. In February of 2011, while serving as a judge, she gave an interview to a local newspaper in which she admittedly gave misleading and deceptive responses to questions about her arrest. Specifically, Clinkscales told the interviewer that she had not broken any laws and that she expected to be cleared of any charges. After giving the interview, she entered a plea of no contest to the charge of disobeying a police officer.
Conduct in the Courtroom
¶ 8. Clinkscales admitted to the Commission’s allegations that she routinely' started court late and acted in a manner which could be-construed as discourteous and exhibiting poor courtroom demeanor.
¶ 9. Clinkscales agreed with the Commission that the aforementioned. acts of misconduct constituted violations of Canons 1, "2(A), 3(B)(1), 313(2), 3B(4), BE(1), 4(A)(1), 4(A)(2), and 5(A)(1)(b) of the Code of Judicial Conduct in Mississippi and Article 6, Section 177A of the Mississippi Constitution. In the Agreed Statement of Facts and Proposed Recommendation, counsel for the Commission noted that Clinkscales had no prior disciplinary history with the Commission and that she had fully cooperated with the Commission in this matter. Counsel for the Commission recommended that Clinkscales be publicly reprimanded and assessed the costs of the proceeding in the amount of $563.18. This recommendation was unanimously approved by the full Commission on August 14, 2015, at its regularly scheduled meeting.
¶ 10. On August 26, 2015, the Commission filed its Findings of Fact and Recommendation with this Court. The Commission and Clinkscales also filed a Joint Motion for Approval of Recommendation Filed -by the Commission.
STANDARD OF REVIEW
¶ 11. This Court has the power, “[o]n recommendation of the commission on judicial performance,” to “remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for ... willful misconduct in office ... or ... conduct prejudicial to the administration of justice which brings the judicial office into disrepute[.]” Miss. Const, art. 6, § 177A (1890). In cases involving judicial discipline, it is this Court’s duty .to “conduct an independent inquiry of the record” and to make a “fi *1001 nal determination of the appropriate action to be taken in each case.” In re Removal of Lloyd W. Anderson, Justice Court Judge, 412 So.2d 743, 746 (Miss.1982). In reviewing the record, we “accord careful consideration [to] the findings of fact and recommendations of the Commission, or its committee, which has had the opportunity to- observe the demeanor of the witnesses.” Id.
DISCUSSION
I. Whether Clinkscales committed misconduct.
¶ 12. Clinkscales admitted that she violated Canon 6(A)(1) of the Code of Judicial Conduct by publicly endorsing a political candidate. See Code of Judicial Conduct, Canon 5(A)(1) (“Except as authorized by Sections 5(B)(2), 5(C)(1) and 5(C)(2), a judge or a candidate for election to judicial office shall not ... make speeches for a political organization or publicly endorse a candidate for public of-flce[J”).
? ¶ Clinkscales also misused her authority as a drug court judge by keeping participants in the program longer than the law allowed and by presiding over a family member’s case, which is a violation of Canons 1, 2(A), 3(B)(1), and 3(E)(1) of the Code of Judicial Conduct. See Code of Judicial Conduct, Canon 1 (“A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved.”); Canon 2(A) (“A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.”); Canon 3(B)(1) (“A judge shall hear and decide all assigned matters within the judge’s jurisdiction except those in which disqualification is required.”); Canon 3(E)(1) (“Judges should- disqualify themselves-in proceedings in which their impartiality might be questioned by a reasonable person knowing all the circumstances or for other grounds provided in the Code of Judicial Conduct or otherwise as provided by law[.]”). Her failure to recuse herself from a case involving a. family member also violated constitutional and statutory law. See Miss. Const. art. 6, § 165 (1890); Miss.Code Ann. § 9-1-11.
¶ 14. In addition, Clinkscales admittedly gave misleading statements regarding a prior arrest during an interview while she was serving as a judge, in violation of Canons 1, 2(A), 4(A)(1), and 4(A)(2) of the Code of Judicial Conduct. See Code of Judicial Conduct, Canon 4(A)(1) (“A judge shall conduct all of the judge’s extrajudicial activities so that they do not ... cast reasonable doubt on the judge’s capacity to act impartially as a judge[.]”); Canon 4(A)(2) (“A judge shall conduct all of the judge’s éxtra-judicial activities so that they do not ... demean the judicial office[.]”).
¶ 15. Finally, Clinkscales admitted that she had failed to conduct herself in a courteous manner before litigants in her court, in violation of Canons 1 and 3(B)(4) of the Code of Judicial Conduct. Code of Judicial Conduct, Canon 3(B)(4) (“Judges shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom they deal in their official capacities, and shall require similar conduct of lawyers, and of their staffs, court officials, and others subject to their discretion and control.”).
II. Whether the Commission’s recommended sanctions are appropriate.
 ¶ 16. “[T]he primary purpose of sanctions is ‘to restore and maintain the *1002 dignity and honor of the judicial office and to protect the public against future'excesses,’ rather-than punishment of the individual.” Miss. Comm’n on Judicial Performance v. Skinner, 119 So.3d 294, 300 (Miss. 2013) (quoting Miss. Comm’n on Judicial Performance v. Boone, 60 So.3d 172, 185 (Miss.2011)). This Court traditionally has considered the following six factors in determining the appropriate sanctions for judicial misconduct:
(1) The length and character of the judge’s public service;
(2) Whether there is' any prior casélaw on point;
(3) The.magnitude of the..offense -and the harm suffered;
' (4) Whether the misconduct ⅛ an isolated incident or evidences a pattern of conduct; ' •
(5) Whether moral turpitude was involved; and
(6) The presence or absence of mitigating or aggravating circumstances.
Miss. Comm’n on Judicial Performance v. Gibson, 883 So.2d 1155, 1158 (Miss.2004), overruled in part on other grounds by Miss. Comm’n on Judicial Performance v. Boone, 60 So.3d 172, 174 (Miss.2011); modified in part by Miss. Comm’n on Judicial Performance v. Skinner, 119 So.3d 294 (Miss.2013). More recently, this Court has clarified the fifth Gibson factor by removing moral turpitude as a consideration and instead examining “whether the conduct was willful and the extent to which the, conduct exploited the judge’s position to satisfy his or her personal desires or was intended to deprive the public of assets or funds rightfully belonging to it.” Skinner, 119 So.3d at 306. We also note that, while Clinkscales is .no longer serving as a judge, this Court is not limited in its available sanctions against a judge who is no longer in office, Miss. Comm’n on Judicial Performance v. Osborne, 16 So.3d 16, 25 (Miss.2009).
A. The Length and. Character of the Judge’s Public Service
.¶ 17. Clinkscales served as a municipal court judge for five years, from 2010 to 2015. The record is silent concerning the character of her public service aside from her service as a judge,
B. Whether there is any prior caselaw on point.
¶ 18. “When considering the appropriateness of a particular sanction in judicial discipline cases, this Court endeavors to impose a sanction which fits the offense and is consistent with cases.” Miss. Comm’n on Judicial Performance v. Guest, 717 So.2d 325, 328 (Miss.1998) (citations omitted). A' public reprimand and assessment of costs has been the most common reprimand imposed for instances of misconduct similar to those committed by Clinkscales. This Court previously has imposed a public reprimand upon and costs of the proceeding for each of the acts of misconduct Clinkscales committed in this case.
¶ 19. This Court also has imposed a public reprimand .upon a judge who continued to engage actively in political activity after, being elected as a judge. Miss. Judicial Performance Comm’n v. Peyton, 555 So.2d 1036, 1037 (Miss.1990) (judge failed to vacate his position in the Mississippi Democratic Executive Committee and participated in a friend’s congressional campaign). A public reprimand and assessment of costs are common sanctions imposed upon judges who violate their duty of impartiality by participating in cases involving family members. See Miss. Comm’n on Judicial Performance v. Brown, 761 So.2d 182, 183 (Miss.2000) (judge called the judge assigned, to-his *1003 son’s DUI case and asked for her help in getting the charge dismissed). This Court also has imposed a public reprimand and costs of the proceeding upon a judge who entered rulings which exceeded his statutory authority. Miss. Comm’n on Judicial Performance v. Neal, 774 So.2d 414, 416-17 (Miss.2000). Finally, this Court has held that a judge’s failure to maintain the dignity, respect, and decorum of the judicial office prejudices the administration of justice and can warrant removal from office in some cases. See Miss. Comm’n on Judicial Performance v. Spencer, 725 So.2d 171, 178-79 (Miss.1998) (removing judge from office based on repeated instances of disrespectful behavior in the courtroom). In less egregious cases, this Court has found it appropriate to impose a fine upon judges who engage in disrespectful behavior toward litigants, attorneys, or other individuals in their courtroom. See Miss. Comm’n on Judicial Performance v. Gunter, 797 So.2d 988, 989 (Miss.2001) (imposing a public reprimand, a $1,500 fine, and costs of the proceedings upon a judge who abused his contempt powers by calling a defendant’s mother to the bench and “harshly berat[ing] and humiliat[ing] her.”).
C.The Magnitude of the Offense and the Harm Suffered
¶ 20. Clinkscales’s extrajudicial acts of publicly endorsing a political candidate and giving misleading answers in a newspaper interview cast reasonable doubt on her ability to act impartially as a judge and have demeaned the public office. She failed to act in a manner that promotes public confidence in the integrity of the judiciary. Moreover, by allowing drug-court participants to remain in the program longer than the law allowed, presiding over a case involving a-family member, and exhibiting poor courtroom demeanor, Clinkscales failed to maintain the requisite high standard, of conduct while acting in
her official capacity as a judge. The aforementioned actions serve as evidence of Clinkscales’s failure to learn and .apply fundamental tenants of the law.
D.Whether the misconduct is an isolated incident or evidences a pattern of conduct.
¶ 21. The Commission submits that Clinkscales has no prior disciplinary history. However, this Court has held that a history of formal disciplinary action is not necessary to a finding of a pattern of misconduct if the judge’s first disciplinary action involves numerous violations. See Miss. Comm’n on Judicial Performance v. Bradford, 18 So.3d 251, 256 (Miss.2009) (judge admitted committing ten violations of the Code of Judicial Conduct); Miss. Comm’n on Judicial Performance v. Cowart, 936 So.2d 343, 350 (Miss.2006) (judge admitted committing three violations of the Code of Judicial Conduct). Clinkscales admitted that she had violated at least eight provisions of the Code of Judicial Conduct during her tenure as a judge. Thus, the instant case cannot be considered an “isolated incident.”
E.Whether the conduct;, was willful, intended to deprive the public of assets, or exploited the judge’s position.
¶22. The Commission does not allege that Clinkscales’s actions were committed with the intention of depriving the public of assets or exploiting her position as a judge for personal gain. At a minimum, Clinkscales was negligent in the performance of her duties and in her knowledge of the law. Of course, “a judge may ... through negligence or.ignorance not amounting to bad faith, behave in a manner so' as to bring the judicial office, into disrepute.” In re Anderson, 412 So.2d 743, 745 (Miss.1982) (quoting In re Nowell, 293 N.C. 235, 237 S.E.2d 246, 255 (1977)).
*1004 F. The Presence or Absence of Mitigating Factors
¶23. The Commission does not allege that any aggravating factors exist in this case. As for mitigating factors, Clinks-cales fully participated in the Commission’s investigation of this matter, admitted to her wrongdoing, and entered an Agreed Statement of Facts and Proposed Recommendation with the Commission. “This court consistently has recognized that mitigating circumstances exist when a judge acknowledges his or her errors.” Miss. Comm’n on Judicial Performance v. Darby, 143 So.3d 564, 570 (Miss.2014). Clinkscales also has resigned her positions as drug court judge and municipal court judge.
¶24. After an independent review of the record, and considering the above factors and the findings of the Commission, we find that Clinkscales committed judicial misconduct'and conduct prejudicial to the administration of justice, and we find that a public reprimand and assessment of costs are appropriate sanctions. Clinks-cales admittedly committed several acts of misconduct which brought the judicial office into disrepute. On the other hand, she has no disciplinary history and fully cooperated with the Commission’s investigation of this matter. There is no evidence that Clinkscales committed any of the above conduct with the intent of depriving the public of assets or exploiting her position for personal gain. And finally, this Court generally seeks “principled consistency with other like cases” in imposing sanctions against judges and attorneys. In re Bailey, 541 So.2d 1036, 1039 (Miss.1989). Imposing a‘public reprimand and assessment of costs in the instant case is consistent with the sanctions imposed by this Court for similar-misconduct in previous cases.
CONCLUSION
¶25. For the foregoing reasons, this Court grants the Joint Motion for Approval of Recommendation filed by the Mississippi Commission on Judicial Performance and Latisha Nicole Clinkscales. Clinks-cales shall be publicly reprimanded in accordance -with the above findings of this Court, with the reprimand to be read in open court by the presiding judge of the Lowndes' County Circuit Court on the first day of the next term of that Court after the issuance of this Court’s mandate at which a jury venire is present, with Clinks-cales in attendance. Further, we impose costs in the amount of $563.18 upon Clinkscales. The Clerk of this Court shall send copies of this opinion and the mandate of this Court, when issued, to the Circuit Court of Lowndes County and to the municipal Clerk of the.City of Columbus.
¶ 26. CITY OF COLUMBUS MUNICIPAL COURT JUDGE LATISHA NICOLE CLINKSCALES SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE OF THE LOWNDES COUNTY CIRCUIT COURT ON THE FIRST DAY OF THE NEXT TERM OF THAT COURT IN WHICH A JURY VENIRE IS PRESENT AFTER THE ISSUANCE OF THIS COURT’S MANDATE, WITH JUDGE CLINKSCALES 'IN ATTENDANCE. JUDGE CLINKSCALES IS ASSESSED COSTS IN THE AMOUNT OF $563.18.
DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, KING, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR.

. We decline to address the Commission’s charges concerning other statements on social media, as that issue is unnecessary for the disposition of this case.