*580 CARLSON, Presiding Justice,
for the Court:
¶ 1. The Mississippi Commission on Judicial Performance (Commission) filed two formal complaints against Alcorn County Justice Court Judge Jimmy McGee, alleging willful misconduct and conduct prejudicial to the administration of justice which brings the office into disrepute. The Commission and Judge McGee submitted to this Court a joint motion for approval of the recommendation of a 120-day suspension from office without pay, a public reprimand, and assessment of costs of this proceeding in the amount of $100.
¶ 2. After our independent review, we agree that Judge McGee’s conduct violated various canons of our Code of Judicial Conduct and constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute, thus causing such conduct to be actionable pursuant to the provisions of the Mississippi Constitution. Miss. Const, art 6, § 177A (1890). However, we respectfully disagree with the Commission’s recommendation. For the reasons discussed below, we find that Judge McGee’s actions warrant a public reprimand, suspension from office without pay for 270 days, and assessment of costs of this proceeding in the amount of $100.
FACTS AND PROCEEDINGS BEFORE THE COMMISSION
¶ 3. The Commission appropriately consolidated the two formal complaints and referred to the charge set out in Inquiry No.2009-241 as Count One, and to the charge set out in Inquiry No.2010-046 as Count Two. In lieu of a hearing before the Commission, Judge McGee (Respondent) and the Commission entered into an Agreed Statement of Facts and Proposed Recommendation, which states, the following:

COUNT ONE (2009-241)

During April, 2008 the Respondent learned that a relative of the Respondent had allegedly been the victim of a crime. Respondent actively participated in the investigation of the matter which resulted in the indictment and arrest of a person identified herein as “A.B.”
Subsequent to the indictment and arrest of A.B., the Respondent, in his official capacity as Justice Court Judge, interfered with the orderly prosecution of the ease against A.B. Respondent interfered with A.B.’s attempt to post bond, insisting that A.B. only be allowed to post a cash or written bond. Respondent became upset upon learning that A.B.’s family was allowed to post a property bond rather than a cash bond of $50,000 as Respondent proposed to law enforcement. Subsequently, the Respondent disrupted an executive session of the Alcorn County Board of Supervisors by entering the closed meeting uninvited, angrily complaining of the sheriffs actions relating to the bond and otherwise causing a disturbance and an interruption of the business of the said Board of Supervisors.
Respondent then interfered with A.B.’s attempts to employ legal counsel by discouraging local attorneys from representing A.B. thereby attempting to deny A.B. his constitutional right to counsel and to a fair criminal proceeding.
On or about the 13th day of April, 2009, Respondent appeared at the public hearing for acceptance of A.B.’s misdemean- or guilty plea and sentencing in the Circuit Court of Alcorn County, Mississippi. The presiding Circuit Judge allowed the Respondent to address the Court and *581 the following was stated by Respondent on the record and in open court:
I could assure you that if anything like this ever happened to anybody that I know, my advice to them would be do not use the court, handle it themselves.
I would like for everyone in this court to know that had I had this to do over again we would never had went to a grand jury, that we would have taken care of this down at Biggersville, Mississippi, down on the farm like things should have been taken care of.

COUNT TWO (2010-046)

The Respondent, in his official capacity as Justice Court Judge, individually and in concert with others, allowed certain misdemeanor charges to be remanded, non-adjudicated and “retired to the files” without authority of law, thereby failing to properly adjudicate criminal matters assigned to him. Specifically, Respondent, upon Motion of the County Prosecuting Attorney to Retire to Files, allowed the de facto non-adjudication of charges of Driving Under the Influence (DUI), said conduct likewise amounting to a reduction of the charge, a violation of § 63-11-39 of the Mississippi Code of 1972, as amended, Implied Consent Law.[1]
The Respondent, without authority of law and in violation of § 63-11-39 of the Mississippi Code of 1972, as amended, Implied Consent Law,[2] on motion of the County Prosecuting Attorney and in concert with her, “retired to the files” charges of DUI upon defendants’ successful completion of alcohol and drug treatment programs when the Respondent knew, or should have known, that the successful completion of such treatment programs by defendants could not serve as a lawful basis for the non-adjudication of DUI charges.[3]
¶ 4. This Agreed Statement of Facts and Recommendation (Agreement) was signed by John B. Toney, the Commission’s executive director, Judge McGee, and Judge McGee’s counsel. Thereafter, the Commission, based on this Agreement, submitted its Findings of Fact and Recommendation. The Commission found by clear and convincing evidence that by engaging in the conduct described in the Agreement, *582 Judge McGee, in his official capacity as Justice Court Judge, Post 2, Alcorn County, Mississippi, had -violated certain canons of the Mississippi Code of Judicial Conduct, particularly: Canons 1 (charging judges to uphold the integrity and independence of the judiciary); 2A and 2B (charging judges to avoid impropriety and the appearance of impropriety, in all activities, including respecting and complying with the law and not allowing personal relationships to influence their conduct or judgment); 3B(2) and 3B(8) (charging judges to impartially and diligently perform their judicial duties by, inter alia, being faithful to the law and avoiding being swayed by partisan interests as well as disposing of all judicial matters promptly, efficiently and fairly); and 4A(2) (charging judges to conduct their extrajudicial activities so as to not demean the judicial office); and that this judicial conduct constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute under Section 177A of the Mississippi Constitution of 1890.
¶ 5. On the other hand, the Commission further found in mitigation that Judge McGee had acknowledged his errors and had fully cooperated with the investigation by the Commission; that in count one, Judge McGee had acknowledged and regretted that, in his effort to protect his relative, he improperly had used the prestige of his office as justice court judge to interfere with the fair and orderly prosecution of A.B. and agreed that his actions could be considered demeaning to the office of justice court judge; that, additionally, in count two, each of the DUI charges was nonadjudicated upon written motion of the county prosecuting attorney; that Judge McGee was a nonlawyer and had relied to a certain extent upon the written motion of the county prosecuting attorney in deciding to nonadjudicate the DUI charges; that Judge McGee had ordered alcohol and drug treatment in lieu of conviction in an attempt to prevent recidivism, although Judge McGee acknowledged that the successful completion of the treatment programs could not serve as the basis for nonadjudication under the Implied Consent Law; and that Judge McGee no longer ordered defendants charged with DUI to treatment programs for the purpose of nonadjudication of DUI charges.
¶ 6. In the end, the Commission recommended that Judge McGee be suspended from office without pay for a period of thirty days in count one; suspended from office without pay for a period of ninety days in count two; publicly reprimanded; and assessed costs in the amount of $100. This recommended sanction resulted in a total recommended suspension of 120 days, without pay. These sanctions were consistent with the sanctions to which Judge McGee had agreed in the Agreed Statement of Facts and Proposed Recommendation submitted to the Commission.
DISCUSSION
¶ 7. This Court’s standard of review in judicial-performance proceedings is derived from Rule 10E of the Mississippi Rules of the Commission on Judicial Performance, which states:
Based upon a review of the entire record, the Supreme Court shall prepare and publish a written opinion and judgment directing such disciplinary action, if any, as it finds just and proper. The Supreme Court may accept, reject, or modify, in whole or in part, the findings and recommendation of the Commission. In the event that more than one (1) recommendation for discipline of the judge is filed, the Supreme Court may render a single decision or impose a single sanction with respect to all recommendations.
*583 This Court has succinctly stated its role in judicial-performance proceedings as:
The power to impose sanctions is delegated solely to this Court; it therefore follows [that] we have an obligation to conduct an independent inquiry of the record in order to make our final determination of the appropriate action to be taken in each case. In so doing, we will accord careful consideration [of] the findings of fact and recommendations of the Commission, or its committee, which has had the opportunity to observe the demeanor of the witnesses.
In re Removal of Lloyd W. Anderson, Justice Court Judge, 412 So.2d 743, 746 (Miss.1982). See also Miss. Comm’n on Judicial Performance v. Boone, 60 So.3d 172, 176-77 (Miss.2011).
I. WHETHER THE JUDGE’S CONDUCT CONSTITUTED WILLFUL MISCONDUCT IN OFFICE AND CONDUCT PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE WHICH BROUGHT THE JUDICIAL OFFICE INTO DISREPUTE.
¶ 8. Our first inquiry is whether the Commission appropriately charged Judge McGee with judicial misconduct which is actionable under Section 177A of the Mississippi Constitution of 1890, as amended, by engaging in willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute. We have defined willful misconduct as:
[T]he improper or wrongful use of the power of his [or her] office by a judge acting intentionally, or with gross unconcern for his conduct, and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his [or her] authority constitutes bad faith....
Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute.
In re Anderson, 412 So.2d at 745 (other citations and quotations omitted).
¶ 9. As to count one, we previously have characterized a judge’s egregious public conduct which invoked his judicial office as willful misconduct. Miss. Comm’n on Judicial Performance v. Osborne, 977 So.2d 314, 315 (Miss.2008). Similar to Judge Osborne’s conduct, Judge McGee’s conduct constituted willful misconduct. The Commission found that Judge McGee, “in his official capacity of Justice Court Judge, interfered with the orderly prosecution of the case against A.B.” Judge McGee interfered with A.B.’s attempt to post bond, interrupted a closed Board of Supervisors’ meeting, discouraged local attorneys from representing A.B., and made statements in open court encouraging others to engage in vigilante justice, as opposed to using the court system to pursue justice.
¶ 10. Concerning count two, the Commission found that Judge McGee, on motion of the county prosecutor, “remanded, non-adjudicated, and ‘retired to the files’ ” twenty-one DUI charges.
*584 ¶ 11. Respectfully, this Court agrees in part, and disagrees in part, with the Commission’s findings and recommendations in this case. We agree with the Commission that, based on the agreed statement of facts, as to count one, Judge McGee’s actions, in his official capacity ,as Justice Court Judge, Post 2, Alcorn County, violated Canons 1, 2A, 2B, and 4A(2) of the Code of Judicial Conduct. However, as to count two, we find no violation of our judicial canons. The Commission’s Findings of Fact and Recommendations made a finding only as to Judge McGee’s violation of Mississippi Code Section 99-15-26 (Supp.2010) (the non-adjudication statute), and not Mississippi Code Section 63-11-39 (Rev.2004) (prohibiting the reduction of a DUI charge to a lesser charge under the Implied Consent Law). It is clear from the record before us that all twenty-one DUI cases were disposed of on motion of the Alcorn County Prosecuting Attorney, a lawyer. Judge McGee’s conduct depicted here is not akin to the conduct depicted by the judges in “ticket-fixing” cases. See e.g., Miss. Comm’n on Judicial Performance v. Gordon, 955 So.2d 300, 302 (Miss. 2007) (municipal judge passed fourteen speeding tickets to the files over objection of citing officer); Miss. Comm’n on Judicial Performance v. Boykin, 763 So.2d 872, 874 (Miss.2000) (justice court judge dismissed eleven traffic tickets based upon ex parte communication with defendants and other persons). Nor is Judge McGee’s case similar to Mississippi Commission on Judicial Performance v. Sanford, 941 So.2d 209, 210 (Miss.2006) (justice court judge requested sheriff to inform arresting officer in DUI case to be late for court so that judge could dismiss DUI case for lack of prosecution).
¶ 12. Instead, we find this case to be more akin to Mississippi Commission on Judicial Performance v. Martin, 921 So.2d 1258 (Miss.2005). In Martin, a justice court judge denied bail to a defendant under the provisions of Article 3, Section 29 of the Mississippi Constitution of 1890. Id. at 1261. However, this constitutional provision provides that only county and circuit judges possess the authority to deny bail to an accused. Id. Judge Martin testified that she honestly believed she had the authority to deny bail and was unaware of the fact that this authority was vested only in county and circuit judges. Id. at 1265. This Court stated, inter alia, that “[w]e are required on a regular basis to reverse cases, where scholarly, well-intended judges err in applying the correct law.” Id. In finding that the record was devoid of any evidence that Judge Martin “exhibited bad faith or gross unconcern in exercising her duties,” we stated that “[a] simple mistake in the face of reasonable efforts to base decisions on controlling law is not sanctionable. To find otherwise could subject any judge to disciplinary action for honest errors.” Id. at 1268-69. In the end, we dismissed the Commission’s complaint filed against Judge Martin. Id. at 1269.
¶ 13. Returning to today’s case, the Commission acknowledged that all twenty-one DUI charges were passed to the files or nonadjudicated “upon written motion of the County Prosecuting Attorney; that Judge McGee was a non-lawyer and relied to a certain extent upon the written motion of the County Prosecuting Attorney,” in disposing of these DUI cases.[4] Certainly there is not even an inference that Judge McGee acted in a clandestine or sinister manner in disposing of these DUI cases. *585 To be perfectly clear concerning any perceived statutory violation on the part of Judge McGee, we have carefully analyzed Mississippi Code Section 63-11-39 (Rev. 2004), and we do not find that Judge McGee’s actions in sustaining the county prosecutor’s motions violated this statute. From the record before us, we are unable to determine if Judge McGee’s conduct was in violation of Mississippi Code Section 99 — 15—26(l)(c) (Supp.2010), which prohibits only the non-adjudication of charges under the Mississippi Implied Consent Law. Section 99 — 15—26(l)(c) does not prohibit DUI cases from being remanded or retired to the files. We must remember, however, that Judge McGee acted upon motion of the prosecuting attorney. Even assuming, arguendo, that Judge McGee’s rulings were erroneous, a mistaken interpretation of governing law would not be sanctionable, based on Martin. For the reasons discussed, we find there to be no sanctionable conduct on the part of Judge McGee as to count two.
¶ 14. However, as we have already stated supra, Judge McGee’s conduct depicted in count one of the agreed statement of facts is altogether different. Thus, in accordance with our precedent, we find that Judge McGee’s conduct, as depicted in the joint agreed statement of facts in count one, constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute. For this reason, Judge McGee’s conduct is actionable under the provisions of Article 6, Section 177A, Mississippi Constitution of 1890.
II. WHETHER A PUBLIC REPRIMAND, SUSPENSION FROM OFFICE FOR 120 DAYS WITHOUT PAY, AND ASSESSMENT OF COSTS ARE APPROPRIATE SANCTIONS.
¶ 15. The Commission is charged with recommending disciplinary sanctions. Miss. Const, art. 6, § 177A; Comm’n on Judicial Perfonnance Rule 10. Then, this Court, based on a review of the entire record, must determine the appropriate sanction. Id. This Court has the sole authority to impose sanctions. Osborne, 977 So.2d at 324 (citing In re Quick, 553 So.2d 522, 527 (Miss.1989)). The sanctions available to us are: (1) removal from office; (2) suspension from office; (3) fine; and (4) public censure or reprimand. Osborne, 977 So.2d at 324 (citations omitted). “The appropriate ‘sanction should recognize the misconduct, deter and discourage similar behavior, preserve the dignity and reputation of the judiciary, and protect the public.’ ” Id. (quoting Miss. Comm’n on Judicial Performance v. Sanders, 708 So.2d 866, 877 (Miss.1998)). In determining the appropriate sanction, we examine the following factors: (1) length and character of public service; (2) whether there is any prior caselaw on point; (3) the magnitude of the offense and the harm suffered; (4) whether the misconduct is an isolated incident or evidences a pattern of conduct; (5) whether moral turpitude was involved; and (6) the presence or absence of mitigating or aggravating circumstances. Miss. Comm’n on Judicial Performance v. Gibson, 883 So.2d 1155, 1158 (Miss.2004) overruled on other grounds by Boone, 60 So.3d 172.

(1) Length and character of public service

¶ 16. Judge McGee has served as a justice-court judge for eleven years. An informal Commission action was taken against Judge McGee shortly after he had taken office in a matter unrelated to to-days case.
(¾) Whether there is any prior caselaw on point.
¶ 17. We find Osborne, 977 So.2d 314, to be analogous to the facts of today’s case *586 concerning the charges of interfering with the fair and orderly prosecution of A.B.

(3) The magnitude of the offense and the harm suffered

¶ 18. Judge McGee abused his power as a justice-court judge to interfere with the prosecution of A.B., going so far as to interfere with A.B.’s ability to post bond and put on a defense. By encouraging others not to use the court system when resolving disputes, Judge McGee cast doubt on the judiciary as a whole. Judge McGee violated multiple canons of the Mississippi Code of Judicial Conduct.

(U) Whether the misconduct is an isolated incident or evidences a pattern of conduct.

¶ 19. The agreed statement of facts reveals that, while all of Judge McGee’s behavior relating to A.B.’s criminal prosecution concerned the same criminal case, Judge McGee attempted to interfere with the case on more than one occasion.

(5) Whether moral turpitude is involved.

¶ 20. “Moral turpitude includes, but is not limited to, actions which involve interference with the administration of justice, misrepresentation, fraud, deceit, bribery, extortion, or other such actions which bring the judiciary into disrepute.” Gibson, 883 So.2d at 1158 n. 2. Simply stated, Judge McGee’s conduct in interfering with the criminal prosecution of A.B. unquestionably constituted moral turpitude. Osborne, 977 So.2d at 326.

(6) The presence or absence of mitigating or aggravating circumstances

¶ 21. Admittedly, several mitigating factors exist in today’s case. Among other things, Judge McGee has acknowledged his errors and has cooperated fully with the Commission’s investigation.
¶ 22. Turning now to count one, we respectfully disagree with the sanction recommended by the Commission concerning the interference with the orderly prosecution of a criminal case in circuit court. The Commission found that Judge McGee’s conduct of interfering with the orderly prosecution of a criminal case warranted, inter alia, a thirty-day suspension without pay. We learn much more about the alleged facts and circumstances surrounding the charges in count one by reading the formal complaint filed by the Commission’s executive director, initiating the proceedings against Judge McGee before the Commission in Inquiry No.2009-241. However, in reaching our decision today, we do not consider the allegations in the formal complaint unless they are carried forward by the parties by way of incorporation into the Agreed Statement of Facts and Proposed Recommendation. We mention the allegations only to acknowledge that, because of the nature of A.B.’s alleged criminal conduct involving Judge McGee’s close relative, which need not be discussed here, we understand and appreciate Judge McGee’s anger. But, as we will discuss, despite the circumstances which confronted Judge McGee and understandably evoked his ire, his open display of judicial misconduct cannot be excused.
¶ 23. Acknowledging that, in our discussion of the appropriate sanctions to impose upon Judge McGee in count one, we consider only the facts set out in the joint agreed statement of facts submitted by the Commission and Judge McGee, we state here that if we were concerned about an insufficient factual basis to determine the appropriate sanction, we would, without hesitation, remand the case to the Commission for supplementation of the record by way of a further development of the *587 alleged facts in this case. Miss. Comm’n on Judicial Performance v. Brown, 37 So.3d 14, 18 n. 4 (Miss.2010).
¶24. We turn to prior cases for guidance. We previously have characterized a judge’s egregious public conduct which invoked his judicial office as willful misconduct. Osborne, 977 So.2d at 315. In Osborne, a vehicle owned by a county court judge’s wife and his mother-in-law was repossessed. Id. at 316. Judge Osborne witnessed the vehicle being towed and blocked the tow truck in an intersection. Id. Judge Osborne then kicked and beat the truck with his fists, instructed the driver to release the vehicle, entered the vehicle, and engaged the brakes. Id. The police were called, and Judge Osborne stated to one of the officers that “he was a judge and lawyer, that he knew the law much better than the officer and needed no advice from him.” Id. at 317. The public confrontation in Osborne lasted from forty-five minutes to an hour and was in view of the public. Id. In finding that this public conduct constituted willful misconduct and warranted a 180-day suspension, we stated that “Judge Osborne failed to observe high standards of conduct and invoked his office in objecting to the repossession of the automobile.” Id. at 324.
¶ 25. Although Judge Osborne had a prior history of judicial-performance complaints which was more extensive than that of Judge McGee, the judicial misconduct exhibited by Judge McGee in count one (which actions were admitted by Judge McGee) is more egregious than that of Judge Osborne. In considering Judge McGee’s actions, we must remember that the citizens coming before Judge McGee in civil and criminal cases have every right to expect that they will receive fair and impartial treatment from Judge McGee. Specifically, those citizens charged with criminal offenses coming before Judge McGee have every right to expect that they are appearing before a judge who, through his demeanor, words, and actions, will fairly and impartially consider their cases and make a sound decision grounded on the facts and the law.
¶ 26. With this in mind, we look to Judge McGee’s admitted conduct in count one. The criminal charges lodged against A.B. ultimately went to the grand jury, where a felony indictment was handed down; and, thereafter, the case was disposed of in circuit court by A.B.’s guilty plea to a reduced misdemeanor charge. Throughout the criminal process in AB.’s case, Judge McGee interfered. He insisted that A.B. be allowed only a cash bond of $50,000, and not a property bond; he burst into the Board of Supervisors’ meeting room, disrupting an executive session of the Board, angrily berating the sheriff before the Board for allowing A.B. to be released from custody after posting a property bond; and he discouraged local attorneys from representing A.B., although A.B., like any other defendant indicted for a crime in Mississippi, had a right under our state and federal constitutions to be represented by competent counsel. All of these actions occurred in public. And finally, in another public display, Judge McGee stood up in open court during the circuit-court proceedings concerning A.B. and stated for all in the courtroom to hear that he (Judge McGee) was advising them if they were ever confronted with similar circumstances, they should not allow the courts to resolve the matter, but instead they should “handle it themselves.” Judge McGee also openly stated in the circuit-court proceedings:
I would like for everyone in this court to know that had I had this to do over again we would never had went to a grand jury, that we would have taken care of this down at Biggersville, Missis *588 sippi, down on the farm like things should have been taken care of.
¶ 27. We have to ask the rhetorical question: “How could the persons in the courtroom who heard these remarks by Judge McGee, or other persons who later learned of Judge McGee’s remarks, if they eventually found themselves appearing before Judge McGee in any court matter, but especially a criminal matter, expect to receive fair and impartial treatment from Judge McGee?” As a judicial officer, Judge McGee has taken the following oath:
I solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as a justice court judge, according to the best of my ability and understanding, agreeably to the Constitution of the United States and the Constitution and laws of the State of Mississippi. So help me God.
Miss. Const, art 6, § 155 (1890). One reasonably could opine that any person in the courtroom of the Alcorn County Circuit Court on that day, or any person who later learned of Judge McGee’s outburst, could appropriately question Judge McGee’s ability to fairly discharge his duties according to the constitutional oath which he has taken on at least two occasions.
¶ 28. Canon 2 of the Mississippi Code of Judicial Conduct states that “[a] judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.” We are mindful of the admonition contained in the commentary appearing under Canon 2:
Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. A judge must expect to be the subject of constant public scrutiny. A judge must therefore accept restrictions on the judge’s conduct that might be viewed, as burdensome by the ordinary citizen and should do so freely and willingly.
Miss.Code of Judicial Conduct, Canon 2 cmt. (emphasis added). As we have stated before, because of the nature and large volume of cases coming into our justice courts, many of our citizens will have their only contact with the judicial system via justice court, and these citizens’ life-long perceptions of our entire state judiciary most likely will be based on them experiences — good or bad — in justice court. See, e.g., Sanford, 941 So.2d at 218.
¶ 29. Looking only at the actions depicted in count one, as agreed upon by Judge McGee, we respectfully disagree with the Commission that a thirty-day suspension without pay is sufficient. We find that the appropriate sanction for Judge McGee’s conduct depicted in count one of the joint agreed statement of facts is, inter alia, suspension from office without pay for a period of 270 days.
CONCLUSION
¶ 30. For the reasons discussed herein, we find that Judge McGee’s actions constituted willful misconduct prejudicial to the administration of justice which brought the judicial office into disrepute. Accordingly, after considering the Gibson factors, we partially adopt the recommendation of the Commission. In Count One, Judge McGee shall be suspended from office without pay for a period of 270 days, publicly reprimanded, and assessed the costs of this proceeding in the amount of $100. Count Two is dismissed. The Clerk of this Court shall send copies of this opinion, and the mandate of this Court, to the Chancery Clerk of Alcorn County, and to the Circuit *589 Clerk of Alcorn County, as well as to the Alcorn County Justice Court Clerk, the County Administrator for Alcorn County, and the Alcorn County Board of Supervisors.
¶ 31. COUNT I: ALCORN COUNTY JUSTICE COURT JUDGE JIMMY McGEE SHALL BE SUSPENDED FROM OFFICE FOR A PERIOD OF TWO HUNDRED SEVENTY (270) DAYS WITHOUT PAY, EFFECTIVE ON THE DATE OF ISSUANCE OF THIS COURT’S MANDATE; PUBLICLY REPRIMANDED; AND ASSESSED COSTS OF $100. THE PUBLIC REPRIMAND SHALL BE READ IN OPEN COURT BY THE PRESIDING JUDGE OF THE ALCORN COUNTY CIRCUIT COURT ON THE FIRST DAY OF THE NEXT TERM OF THAT COURT IN WHICH A JURY VENIRE IS PRESENT AFTER THE ISSUANCE OF THIS COURT’S MANDATE, WITH JUDGE McGEE IN ATTENDANCE. COUNT II: DISMISSED WITH PREJUDICE.
RANDOLPH, LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR. DICKINSON, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION. WALLER, C.J., NOT PARTICIPATING.

. At its meeting of January 14, 2011, the Commission voted to substitute Section 99-15-26 in place of Section 63-11-39, in this paragraph. In the Commission’s Findings of Fact and Recommendation dated January 19, 2011, the last sentence of this paragraph was revised to read: "Specifically, Respondent, upon Motion of the County Prosecuting Attorney to Retire to Files, allowed the de facto non-adjudication of charges of Driving Under' the Influence (DUI), in violation of § 99-15-26 of the Mississippi Code of 1972, as amended.” Thus, the Commission omitted in its findings the phrase, "said conduct likewise amounting to a reduction of the charge, a violation of § 63-11-39 of the Mississippi Code of 1972, as amended, Implied Consent Law,” which had appeared in the agreed statement of facts.

. Unlike the amendment set out in the footnote above, no action was taken by the Commission to amend this paragraph; however, in the Commission’s Findings of Fact and Recommendation dated January 19, 2011, the first sentence of this paragraph was revised to read: "The Respondent, without authority of law, and in violation of § 99-15-26 of the Mississippi Code of 1972, as amended, on motion of the County Prosecuting Attorney. ...” Thus, the Commission omitted in its findings the phrase, " § 63-11-39 ... Implied Consent Law,” which had appeared in the agreed statement of facts.

.Between February 2008 and March 2010, twenty-one cases were either remanded, no-nadjudicated, or retired to the files, of which, twenty of those cases were driving-under-the-influence (DUI) cases, and one was a DUI, second-offense case.

. We note that the Commission's Findings of Fact state that Judge McGee "remanded, non-adjudicated and ‘retired to the files' ” twenty-one cases. The Commission found that these actions violated Section 99-15-26. This code section, however, only prohibits the non-adjudication of charges under the Mississippi Implied Consent Law. It does not prohibit remanding or retiring to the files similar charges.