LAMAR, Justice,
for the Court:
¶ 1. In this judicial-misconduct case, Eddie H. Bowen, Circuit Court Judge for the Thirteenth District, State of Mississippi, failed to disclose a conflict to the parties in a civil lawsuit and failed to rule on counsel’s motion to recuse made after the conflict was discovered. The Mississippi Commission on Judicial Performance (Commission) recommends, in a joint motion for approval of recommendations, that Judge Bowen be publicly reprimanded and assessed costs in the sum of $200 under *383 Section 177A of the Mississippi Constitution of 1890, as amended, (Section 177A) and Rule 10A of the Rules of the Mississippi Commission on Judicial Performance. After reviewing the record, we find that the recommended sanctions are insufficient. We order that Judge Bowen be publicly reprimanded, fined $500, and assessed costs in the amount of $200.
FACTS AND PROCEDURAL HISTORY
¶2. In January 2012, the Commission filed a formal complaint against Judge Bowen, charging him with judicial misconduct constituting a violation of Section 177A. Judge Bowen filed his answer to the complaint on May 29, 2012. An agreed statement of facts and proposed recommendation were filed by the parties on February 4, 2013.
¶ 3. According to the agreed facts, in early April 2011, Judge Bowen commenced a trial in the matter of Brown v. Phillips 66 Co., Union Carbide Corp., et al., Smith County Circuit Court Civil Action No. 2006-196. Brown sought damages from the defendants based on his alleged exposure to asbestos. During jury selection, Judge Bowen preemptively struck, for cause, all prospective jurors who had family members within the first degree of consanguinity who had been screened for an asbestos-related disease or had made a claim for injuries related to asbestos exposure.
¶ 4. After two weeks of trial, Judge Bowen mentioned to the attorneys in chambers that his father might have been tested for asbestosis, but he did not make such a disclosure on the record. When the defendants requested the name of Judge Bowen’s father, he refused to relate it. Defendants later determined, after conducting their own investigation, that Judge Bowen’s father had filed two asbestosis lawsuits and that both Judge Bowen’s mother and father had settled asbestosis claims with Union Carbide and other Defendants. Defendants also found that Judge Bowen’s father had submitted a claim to the bankruptcy trustee for Union Carbide’s asbestos supplier.
¶ 5. After the trial, Union Carbide filed a motion requesting that Judge Bowen re-cuse himself. Judge Bowen did not rule on the motion within the thirty days required by Rule 1.15 of the Uniform Rules of Circuit and County Court Practice (URCCC). Based on Judge Bowen’s failure to rule on the motion to recuse, Union Carbide appealed to this Court. In an en banc order, Union Carbide Corp., et al. v. Brown, No.2011-M-00874, we removed Judge Bowen from the case based on his refusal to provide information about his father, his decision to preemptively strike all prospective jurors with family members who had asbestos-related claims, the history of asbestosis claims filed by Judge Bowen’s parents, and the settlement between Judge Bowen’s father and Union Carbide. We found that a reasonable person, knowing all the circumstances, would have doubts regarding Judge Bowen’s impartiality in the case.
¶ 6. The Commission accepted the agreed facts and found by clear and convincing evidence that, by engaging in such conduct, Judge Bowen violated Canons l,[1] 2A,[2] and 3E(l)(a)[3] of the Code of Judicial *384 Conduct of Mississippi. The Commission also found by clear and convincing evidence that Judge Bowen’s conduct constituted willful misconduct in office under Section 177A. The Commission now recommends that Judge Bowen be publicly reprimanded under Section 177A and be assessed costs of this proceeding in the amount of $200. Judge Bowen joins the Commission’s recommendation.
DISCUSSION
¶7. This Court has the power, “[o]n recommendation of the commission on judicial performance,” to “remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for ... willful misconduct in office ... or ... conduct prejudicial to the administration of justice which brings the judicial office into disrepute[.]”[4] Willful misconduct in office includes “the improper or wrongful use of power of his office by a judge acting intentionally, or with gross unconcern for his conduct and generally in bad faith.”[5] “However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner so as to bring the judicial office into disrepute.”[6]
¶ 8. “This Court is vested with the sole power to impose sanctions in judicial misconduct cases and, thus, must undertake an independent inquiry of the record.”[7] “In so doing, this Court ‘accords careful consideration [to] the findings of fact and recommendations of the Commission, or its committee, which has had the opportunity to observe the demeanor of the witnesses.’ ” [8] “This Court may ‘accept, reject, or modify, in whole or in part, the findings and recommendation of the Commission.’ ”[9]
A. Judge Bowen committed misconduct.
¶ 9. It is clear that Judge Bowen committed willful misconduct and conduct prejudicial to the administration of justice which brings the judicial office into disrepute. Judge Bowen failed to disclose a conflict to the parties in a civil trial and, upon discovery of the conflict, failed to rule on counsel’s motion to recuse as required by Rule 1.15. We removed Judge Bowen from the case because a reasonable person, knowing all the circumstances, would have doubts regarding Judge Bowen’s impartiality in the case. Additionally, Judge Bowen’s conduct caused the parties to incur additional time and expense in bringing the matter of his recusal before this *385 Court. Therefore, Judge Bowen violated Canons 1, 2A, and 3E of the Code of Judicial Conduct of Mississippi and Section 177A of the Mississippi Constitution.
B. The recommended sanctions are not sufficient.
¶ 10. We traditionally have considered the following six factors in determining the appropriate sanctions for judicial misconduct:
(1) The length and character of the judge’s public service;
(2) Whether there is any prior caselaw on point;
(3) The magnitude of the offense and the harm suffered;
(4) Whether the misconduct is an isolated incident or evidences a pattern of conduct;
(5) Whether moral turpitude was involved; and,
(6) The presence or absence of mitigating or aggravating circumstances.[10]
¶ 11. However, we recently modified the fifth Gibson factor involving the presence of hard-to-define moral turpitude.[11] Instead of examining whether moral turpitude was involved in the alleged misconduct, we now examine “whether the conduct was willful and the extent to which the conduct exploited the judge’s position to satisfy his or her personal desires or was intended to deprive the public of assets or funds rightfully belonging to it.”[12]

(1)The length and character of the judge’s public service

¶ 12. Judge Bowen has been a circuit court judge for almost three years. The record is silent as to the character of his public service.

(2) Whether there is any prior case-law on point.

¶ 13. While numerous cases address whether or not a judge should have re-cused himself, there is very little caselaw regarding what sanctions are proper in a situation in which a judge should have recused himself, but failed to do so. In Mississippi Commission on Judicial Performance v. Hartzog, 32 So.3d 1188 (Miss.2010), we found that a judge’s failure to timely recuse himself from a case in which he had an obvious conflict of interest warranted a public reprimand and a six-month suspension from office. However, the judge in that case had several disciplinary actions against him, his conduct showed a pattern of continued violations of the Code of Judicial Conduct, and he never acknowledged any wrongdoing.[13]

(3) The magnitude of the offense and the harm suffered

¶ 14. The parties incurred additional time and expense as a result of Judge Bowen’s failure to rule on Union Carbide’s motion to recuse, as they were forced to bring the matter to this Court’s attention. After we removed Judge Bowen from the case, the newly appointed judge entered an order voiding and vacating the judgment, the jury verdict, and all rulings and orders issued by Judge Bowen. The parties were forced to try the case twice, costing the parties and the court additional *386 time and expense. Media outlets published articles regarding Judge Bowen’s actions and the set-aside of the jury verdict, making the public aware of the matter. Judge Bowen’s actions compromised the integrity and independence of the judiciary and his duties as a judicial officer.

(4) Whether the misconduct is an isolated incident or evidences a pattern of conduct.

¶ 15. Judge Bowen does not have a disciplinary history with the Commission, and his conduct was an isolated event.

(5) Whether the conduct was willful.

¶ 16. We recently explained this factor as follows:
In examining the extent to which the conduct was willful, we will examine “whether the judge acted in bad faith, good faith, intentionally, knowingly, or negligently.” In re Coffey’s Case, 157 N.H. 156, 949 A.2d 102, 115 (2008) (quoting [C. Grey, American Judicature Society: A Study of State Judicial Discipline Sanctions 77-82 (2002) ]). “[Mjisconduct that is the result of deliberation is generally more serious than that of a spontaneous nature.” In re Coffey’s Case, 949 A.2d at 115-16. For example, spontaneous conduct, such as provoked conduct, may fall on one end of the spectrum, and may indicate a lesser sanction. Planned, premeditated conduct may fall on the opposite end of the spectrum, indicating the appropriateness of a harsher sanction. Conduct that is knowing and/or deliberate, but not the result of premeditation, may fall between spontaneous and premeditated conduct. Certainly, the analysis of the extent of willfulness will allow for consideration of acts of dishonesty. Furthermore, the inappropriateness of the action may also be considered under the aggravating circumstances factor.[14]
In this case, the record indicates that Judge Bowen acted with knowledge that his actions were wrong. He was aware, or should have been aware, of his conflict with the case; he refused to provide his father’s name to counsel when requested; and he failed to rule on counsel’s motion to recuse. Judge Bowen’s actions were not the product of provocation or a spontaneous decision, as he had time to contemplate his possible conflict and recuse himself. Therefore, his conduct was willful and deliberate, but the record contains no evidence of any premeditation.

(6) Exploitation of the judge’s position to satisfy personal desires or whether the judge’s conduct was intended to deprive the public of assets or funds rightfully belonging to it.

¶ 17. “When analyzing the extent to which the conduct exploited the judge’s position to satisfy personal desires, we will examine factors such as whether the judge received money, received favors, or otherwise acted in a manner indicative of any improper personal motivation.”[15] There is no evidence that Judge Bowen’s conduct was intended to satisfy any personal desires and no evidence that Judge Bowen personally gained from his actions. Whether the judge’s conduct was intended to deprive the public of assets or funds is not at issue here.

(7) The presence or absence of mitigating or aggravating circumstances

¶ 18. In Skinner, we noted that “inappropriateness of the action” could be *387 considered under the aggravating-circumstances factor.[16] It certainly was inappropriate for Judge Bowen to refuse to provide counsel with his father’s name when requested and to fail to rule on counsel’s motion to recuse. As a result of Judge Bowen’s actions, we were forced to remove him from the case, and the circuit court and parties were forced to shoulder the additional expense and time demands of a second trial. Mitigating factors in this case are that Judge Bowen cooperated with the Commission, has agreed that his actions were improper, and has entered into an Agreed Statement and Joint Motion with the Commission without the requirement of a hearing. Furthermore, this is the first formal complaint against Judge Bowen, and he has not been the subject of prior discipline by the Commission.
¶ 19. While we recognize that a judge’s cooperation with the Commission and acknowledgment of wrongdoing are mitigating factors, we must keep in mind that “the primary purpose of sanctions is ‘to restore and maintain the dignity and honor of the judicial office and to protect the public against future excesses,’ rather than punishment of the individual.”[17] Judge Bowen’s actions compromised the integrity and independence of the judiciary and his duties as a judicial officer, and sanctions must be sufficient to accomplish these purposes.
CONCLUSION
¶20. Judge Bowen’s actions clearly constituted willful judicial misconduct in violation of the Mississippi Constitution of 1890, as amended, and the Code of Judicial Conduct. After considering the relevant factors, we find that Judge Bowen should be publicly reprimanded, fined in the amount of $500, and assessed costs of this proceeding in the amount of $200.
¶ 21. CIRCUIT COURT JUDGE EDDIE H. BOWEN SHALL BE PUBLICLY REPRIMANDED, FINED $500 AND ASSESSED COSTS OF $200. THE PUBLIC REPRIMAND SHALL BE READ IN OPEN COURT BY A SPECIAL JUDGE TO BE APPOINTED BY THIS COURT FOR THAT PURPOSE ON THE FIRST DAY OF THE NEXT TERM OF THE SMITH COUNTY CIRCUIT COURT IN WHICH A JURY VE-NIRE IS PRESENT AFTER THE ISSUANCE OF THIS COURT’S MANDATE, WITH JUDGE BOWEN IN ATTENDANCE.
WALLER, C.J., DICKINSON, P.J., KITCHENS, CHANDLER, KING AND COLEMAN, JJ„ CONCUR. RANDOLPH, P.J., AND PIERCE, J., NOT PARTICIPATING.

. Canon 1 provides that judges "should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved.” Code of Judicial Conduct Canon 1.

. Canon 2A provides that judges "respect and comply with the law and shall act at all times *384 in a manner that promotes public confidence in the integrity and impartiality of the judiciary.” Code of Judicial Conduct Canon 2A.

. Canon 3E(l)(a) provides that judges “should disqualify themselves in proceedings in which their impartiality might be questioned by a reasonable person knowing all the circumstances or for other grounds provided in the Code of Judicial Conduct or otherwise as provided by law, including but not limited to instances where: the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings.” Code of Judicial Conduct Canon 3E(l)(a).

. Miss. Const, art. 6, § 177A.

. Miss. Comm’n on Judicial Performance v. Boykin, 763 So.2d 872, 874 (Miss.2000) (citation omitted).

. Id. (citations omitted).

. Mississippi Comm’n on Judicial Performance v. Smith, 109 So.3d 95, 98 (Miss.2013) (citation omitted).

. Id. (quoting In re Anderson, 412 So.2d 743, 746 (Miss.1982)).

. Smith, 109 So.3d at 98 (quoting Miss. Comm’n on Judicial Performance R. 10(E)).

.Miss. Comm’n on Judicial Performance v. Gibson, 883 So.2d 1155, 1158 (Miss.2004), overruled in part on other grounds by Miss. Comm'n on Judicial Performance v. Boone, 60 So.3d 172, 174 (Miss.2011); modified in part by Miss. Comm'n on Judicial Performance v. Skinner, 119 So.3d 294 (Miss.2013).

. Skinner, 119 So.3d at 294 .

. Id. at 306, ¶ 32.

. Id. at 1196-97.

. Skinner, 119 So.3d at 306, ¶ 32.

. Id.

. Id.

. Id. at 300 (¶ 12) (quotation omitted).